Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7969 | **DATE** | 9/9/2003 |
| **CASE TITLE** | Cotton vs. Alexian Brothers | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court grants plaintiffs' motion to reconsider the 7/7/03 Memorandum Opinion and Order (52-1). The portion of that order which addresses the merits of Count 2 and 3 of plaintiffs' complaint is vacated, and an amended Memorandum Opinion and Order will be entered. Counts 2 and 3 of the complaint in each of these cases is dismissed without prejudice pursuant to 28 U.S.C. §1367(a). Counts 1 and 4 of both complaints remain set for trial at 9:45 a.m. on 11/17/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

date docketed SEP 1 1 2003

docketing deputy initials

courtroom deputy's initials OR

Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY COTTON and )
EMORY BOLDEN, )
 )
Plaintiffs, )
 )
vs. ) Case Nos. 02 C 7969 and
 ) 02 C 8437 consolidated
 )
ALEXIAN BROTHERS )
BONAVENTURE HOUSE, an Illinois )
not-for profit corporation, )
 )
Defendant. )

**DOCKETED**

**SEP 1 1 2003**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Gregory Cotton and Emory Bolden have moved for reconsideration of the Court's July 7, 2003 ruling insofar as it granted summary judgment in favor of defendant Alexian Brothers Bonaventure House on plaintiffs' state law claims. For the reasons stated below, the Court has concluded that it was improvident to address these claims on their merits and that, due to their novelty, we should have declined to exercise supplemental jurisdiction over them. The Court therefore vacates the July 7 ruling insofar as it addressed those claims.

Plaintiffs were residents at Bonaventure's transitional residency program for persons with HIV / AIDS. Bonaventure terminated Cotton's residency on October 30, 2002, supposedly because he had made a threat to another resident. It advised Cotton that if he did not leave the same day, Bonaventure staff would call the police to remove him. Bonaventure terminated Bolden's residency on November 19, 2002, allegedly because he had entered another resident's room uninvited and attempted to initiate sexual contact. He, too, was told to leave the same day,

though there is no indication that Bonaventure threatened to call the police.

In addition to claiming that the terminations violated the plaintiffs' rights under the federal Housing Opportunities for People With AIDS Act, 42 U.S.C. §12901 *et seq.*, plaintiffs also alleged that Bonaventure acted in violation of the Illinois Forcible Entry and Detainer Act, 735 ILCS 5/9-101 *et seq.*, and the Chicago Residential Landlord Tenant Ordinance. The Court ruled that the FED Act did not apply because no landlord-tenant relationship existed and because a more specific Illinois statute, the Illinois Supportive Residences Act, 210 ILCS 65/5, provided (through its implementing regulations) an involuntary discharge procedure specifically applicable to supportive residences for persons with HIV. We ruled that the CRLTO did not apply because Bonaventure qualified as an "extended care facility" and thus was exempt under a provision of the Ordinance. Those are the conclusions that plaintiffs have asked the Court to reconsider.

Both the FED Act claim and the CRLTO claim are state law claims. The applicability of both of these statutes to the termination of plaintiffs' residencies at Bonaventure is subject to serious dispute. In addressing these claims, the Court was asked to write on a virtually clean slate. After consideration of the parties' written and oral arguments regarding the motion to reconsider, the Court is no longer confident that it reached the correct result in addressing the FED Act and CRLTO claims.

Language in the FED Act indicates that it applies beyond the landlord-tenant context. *See* 735 ILCS 5/9-101, 9-102(a). If the Act applies, it prohibits an owner of land from "forcibly" entering to remove a person who the owner claims is not entitled to possession, 735 ILCS 5/9-101, and "forcible" entry includes calling the police and claiming trespass. *See People v. Evans*, 163 Ill. App. 3d 561, 565, 516 N.E.2d 817, 819 (1987). The Court declined to apply the FED

2

Act based in part upon the existence of ISRA, a statute specifically governing supporting residences like Bonaventure House. Principles of statutory construction that apply in Illinois hold that when two statutes covering the same subject conflict, the specific statute controls. *See, e.g., Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 459, 781 N.E.2d 261, 267 (2002); *Newland v. Budget Rent-A-Car Systems, Inc.*, 319 Ill. App. 3d 453, 459, 744 N.E.2d 902, 906 (2001). But ISRA itself does not contain a provision regarding termination of residency, and though the implementing regulations do, they do not say what an agency like Bonaventure is to do when a terminated resident will not leave. Thus it is not clear that there is a conflict between ISRA and the FED Act; there is a decent argument that the FED Act provides the proper mechanism for actually ejecting a resident who refuses to leave a facility subject to ISRA. Resort to the criminal trespass law (which Bonaventure appears to have relied on at least in Cotton's case) is questionable in light of that law's exemption for persons "living on the land with permission," *see* 720 ILCS 5/21-3(c), an exemption that appears to apply to persons who *once* lived with permission but refuse to leave after the permission is revoked. *See People v. Flanagan*, 133 Ill. App. 3d 1, 4-5, 478 N.E.2d 666, 668 (1985). In sum, the Court is no longer confident that the ISRA actually trumps the FED Act in this context.

The CRLTO provides an exemption for an "extended care facility" but does not define that term. In *Antler v. Classic Residence Mgmt. Ltd. P'ship*, 315 Ill. App. 3d 259, 733 N.E.2d 393 (2000), the Illinois Appellate Court defined the term by reference to the Illinois Nursing Home Care Act's definition of "long term care facility." In ruling that the CRLTO did not apply, this Court concluded that Bonaventure qualified as an "extended care facility" due to its offer of supportive services to residents, and we also relied on the existence of the more-specific ISRA.

3

In their motion to reconsider, plaintiffs point out that a number of the facts regarding Bonaventure's supposed provision of services are disputed, and they argue generally that Bonaventure's residence is nothing like the nursing home at issue in *Antler*. Though the Court is not entirely convinced of the materiality of the factual disputes cited by plaintiffs in this regard, the issue of the applicability of the CRLTO, like that of the FED Act, is a state-law issue on which we have precious little governing precedent. To put it another way, plaintiffs' claim under the CRLTO, like their claim under the FED Act, is a novel one on which the state courts have not spoken.

Given the Court's doubt regarding the correctness of its earlier rulings on the FED Act and CRLTO claims, and due to the novelty of the issues of state law that these claims present, the Court now believes that we should have declined to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. §1367(a); *cf. Insolia v. Philip Morris Inc.*, 216 F.3d 596, 607 (7th Cir. 2000) (diversity case; noting that "[i]nnovative state law claims should be brought in state court."). The Court therefore vacates its Memorandum Opinion and Order of July 7 insofar as it concerns the FED Act and CRLTO claims and hereby dismisses those claims without prejudice pursuant to 28 U.S.C. §1367(a) so that plaintiffs may pursue them in state court if they wish to do so. Our declination of jurisdiction over these particular claims does not affect our jurisdiction over plaintiffs' claims for intentional infliction of emotional distress, claims on which there is ample precedent and which present no novel issues.

## Conclusion

For the reasons stated above, the Court grants plaintiffs' motion to reconsider the July 7, 2003 Memorandum Opinion and Order [docket # 52-1]. The portion of that Memorandum

4

Opinion and Order which addressed the merits of Counts 2 and 3 of plaintiffs' complaints is vacated, and an amended Memorandum Opinion and Order will be entered. Counts 2 and 3 of the complaint in each of these cases is dismissed without prejudice pursuant to 28 U.S.C. §1367(a). Counts 1 and 4 of both complaints remain set for trial at 9:45 a.m. on November 17, 2003.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 9, 2003